```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|                |   |                               |
|----------------|---|-------------------------------|
| ESTHER JACOB   | : |                               |
|                | : |                               |
| v.             | : | Civil Action No. DKC 24-1176  |
|                | : |                               |
| TRUIST BANK    | : |                               |
|                | : |                               |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this dispute between a customer and her bank is the motion to dismiss or, in the alternative, for summary judgment, filed by Defendant Truist Bank ("Truist"). (ECF No. 8). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I.   Background**

   **A. Factual Background[1]**

Plaintiff Esther Jacob ("Ms. Jacob"), proceeding *pro se*, has been a customer of Truist since 2010. (ECF No. 3 ¶ 1). On November 22, 2023, Ms. Jacob went to the Truist branch located in Laurel, Maryland to report her missing debit card. An employee of Truist told Ms. Jacob that Truist would cancel her missing debit card and

---

[1] The following facts are set forth in the complaint and construed in the light most favorable to Plaintiff.

provide her with temporary credit pending their investigation. Truist issued Ms. Jacob a new debit card.

Ms. Jacob later noticed two transactions pending on her account, for $500.00 and $400.00 respectively. Ms. Jacob called Truist to cancel the transactions, but she was told that she had to wait for the transactions to post before she could file a claim. After the transactions posted, Ms. Jacob contacted Truist again and was told she needed to file a claim and that Truist would issue her provisional credit for the amount wrongfully charged to her account.

On December 5, 2023, and December 6, 2023, Ms. Jacob called Truist again to inform Truist that several other transactions were wrongfully charged to her account and that Truist should have stopped her old debit card from working on November 22, 2023. Truist finally cancelled Ms. Jacob's old debit card on December 7, 2023.

Ms. Jacob made a formal complaint to Truist and was told to obtain a police report. After providing Truist with the police report, an agent of Truist told Ms. Jacob her claim would be denied and accused Ms. Jacob of being the one to make the transactions on her account.

Due to several unauthorized transactions on Ms. Jacob's account and Truist's denial of her claim, she was unable to pay

financial obligations including her rent for January and February 2024, and her car note.

### B. Procedural Background

Ms. Jacob filed a complaint in the Circuit Court for Prince George's County on February 16, 2024 (ECF No. 1-2). Truist removed the case to this court on April 22, 2024, relying on diversity of citizenship as the basis for federal jurisdiction. (ECF No. 1). On April 29, 2024, Truist filed a motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 8). Notices were sent to Ms. Jacob concerning the removal and the filing of Truist's motion, neither of which were returned as undeliverable. Ms. Jacob has not responded to the motion or otherwise appeared at all in this court.

## II. Standard of Review

Truist styled its motion as a motion to dismiss or, in the alternative, for summary judgment.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to

3

relief." Fed.R.Civ.P. 8(a)(2). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so[.]" *Carmax Auto Superstores, Inc. v. Sibley*, 194 F.Supp.3d 392, 401 (D.Md. 2016), *aff'd*, 730 F.App'x 174 (4th Cir. 2018). Despite this liberal construction requirement, however, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's *pro se* status neither excuses her of her obligation to state a plausible claim nor

4

transforms the court into her advocate. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). When "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief[,]'" dismissal of a *pro se* complaint is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"As a general rule, the court does not consider extrinsic evidence at the motion to dismiss stage[.]" *Faulkenberry v. U.S. Dep't of Def.*, 670 F.Supp.3d 234, 249 (D.Md. 2023) (quoting *Reamer v. State Auto. Mut. Ins. Co.*, 556 F.Supp.3d 544, 549 (D.Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022)). "However, 'the court may consider, without converting the motion to dismiss into one for summary judgment, documents attached to the complaint as exhibits, and documents attached to a motion to dismiss if the document is integral to the complaint and there is no dispute about the document's authenticity.'" *Faulkenberry*, 670 F.Supp.3d at 249 (quoting *Reamer*, 556 F.Supp.3d at 549). "A document is integral to the complaint if its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Faulkenberry*, 670 F.Supp.3d at 249 (quoting *Reamer*, 556 F.Supp.3d at 549) (internal quotation marks omitted).

5

The documents attached to Truist's motion are: (1) Ms. Jacob's signature card (ECF No. 8-2); (2) the Bank Services Agreement ("BSA") (ECF No. 8-3); and (3) an affidavit from Christine Cauley ("Ms. Cauley"), Truist's Senior Vice President, Operations Manager for the Greater Washington Region/Maryland, authenticating those documents (ECF No. 8-4). Both the signature card and the BSA are integral to the complaint because they are the basis for Ms. Jacob's relationship with Truist. No question has been raised regarding the authenticity of either document.

**III. Analysis**

Ms. Jacob alleges that Truist was negligent by failing to cancel her missing debit card when she reported it missing on November 22, 2023. (ECF No. 3 ¶ 8). Had the card been cancelled as promised by the Truist employee on November 22, 2023, none of the improper transactions could have been processed. Truist, however, does not even acknowledge that aspect of Plaintiff's complaint, focusing instead on what happened once Plaintiff notified it of the improper transactions.

Ms. Jacob alleges:

> To my surprise, Truist Bank did not stop the old debit card from working until December 7, 2023. The Bank had a duty of care to block the debit card from immediately I made the report, and they issued me a replacement card on November 22, 2023. However, to my utter surprise, Truist Bank negligently refused to block the debit card until December 7, 2023,

6

> after several other charges have been made on
> the same card.
>
> . . .
>
> The Bank has failed in its duty of care by
> failing to discontinue the use of the debit
> card after I reported it missing.

(ECF No. 3 ¶¶ 8, 12).

Truist argues that Ms. Jacob fails to state a plausible claim for relief and her claim should be dismissed because:

> 1. If construed as a negligence claim, Plaintiff's claim is barred by Maryland's economic loss rule;
> 2. The Bank Services Agreement ("BSA")'s Limitation of Liability provision bars Plaintiff's claims;
> 3. The BSA expressly precludes Plaintiff's ability to recover consequential damages, the only type of damages alleged in the Complaint; and
> 4. Because Plaintiff has alleged injury to property only, Maryland law precludes her from recovering "pain and suffering" damages.

(ECF No. 8, at 1). Truist's motion is incorrectly premised on an allegation of negligence occurring after unauthorized charges were made on Ms. Jacob's account, and therefore fails to address Ms. Jacob's claim, which is premised on the earlier failure to cancel the account as promised.

**IV. Conclusion**

For the foregoing reasons, Truist's motion will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
