IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ESTHER JACOB                          :
                                      :
                                      :
v.                                    :   Civil Action No. DKC 24-1176
                                      :
TRUIST BANK                           :
                                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this negligence action between a customer and her bank is the motion to dismiss pursuant to Rule 41(b) filed by Defendant Truist Bank ("Truist"). (ECF No. 19).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be granted.

I.   Background

    A.   Factual Background

As of the time of her complaint, Plaintiff Esther Jacob ("Ms. Jacob") had been a customer of Truist since 2010.[1]  (ECF No. 3 ¶ 1).  On November 22, 2023, Ms. Jacob went to a Truist location in Laurel, Maryland to report that her debit card was missing.  (*Id.*

---

[1] All facts are taken from the complaint (ECF No. 3).  The complaint was initially filed in the Circuit Court for Prince George's County; Ms. Jacob has not filed any amended complaint in this court.  In its answer, Truist asserted that most of this information is disputed, but did not provide any factual background of its own.  (ECF No. 13, at 1-2).

¶ 2). Ms. Jacob alleges she was told that Truist would cancel her debit card, issue her a new one, and provide her with temporary credit pending investigation. (*Id.* ¶¶ 3-4). Ms. Jacob alleges that, on December 5, 2023,[2] additional transactions costing four hundred and five hundred dollars were pending on her account. (*Id.* ¶ 5). She asserts that she spoke with Truist employees on December 5 and 6, 2023, as additional transactions were posted to her account. (*Id.* ¶ 7). According to Ms. Jacob, Truist canceled her old debit card, stopping the additional transactions, on December 7, 2023. (*Id.* ¶ 8). Ms. Jacob alleges she missed a car payment and was unable to pay her rent in January and February of 2024 due to the unauthorized debits from her account. (*Id.* ¶ 10).

B. **Procedural Background**

Ms. Jacob filed a complaint against Truist in the Circuit Court for Prince George's County on February 16, 2024. (ECF No. 3, at 1). Truist removed the case to this court on April 22, 2024. (ECF No. 1). Truist filed a motion to dismiss for failure to state a claim on April 29, 2024, (ECF No. 8), which Ms. Jacob did not oppose. This court denied the motion to dismiss on December 20,

---

[2] The portion of the complaint referenced here says that Ms. Jacob discovered the transactions on November 5, 2023. From the context of the rest of the document, that appears to be a mistake; the court believes the correct date is December 5, 2023.

2

2024.  (ECF No. 12).  Truist filed an answer to the complaint on December 31, 2024.  (ECF No. 13).  The same day, this court entered a scheduling order noting that discovery would close on May 15, 2025.  (ECF No. 14).  On February 12, 2025, Truist filed a notice regarding Ms. Jacob's lack of participation in discovery.  (ECF No. 17).  On February 19, 2025, the court issued a letter order directing Ms. Jacob to advise the court whether she wished to pursue this action within 21 days.  (ECF No. 18).  Ms. Jacob did not reply.  On March 13, 2025, Truist filed a motion to dismiss pursuant to Rule 41(b).  (ECF No. 19).

**II. Standard of Review**

Another court in this district recently described the standard for deciding if a case should be involuntarily dismissed under Rule 41(b) for lack of prosecution:

> Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  Even in the absence of a motion, district courts have inherent authority to dismiss actions for failure to prosecute *sua sponte*. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630[] (1962)).  In deciding whether to exercise its discretion to dismiss a case for failure to prosecute, the Court considers: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion;

3

> and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990))[.]  These criteria do not establish a "rigid four-prong test"; instead, "the propriety of an involuntary dismissal ultimately depends on 'the facts of each case.'"  *Id.*  (first quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), and then quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

*Gray v. Philadelphia Contributionship*, 779 F.Supp.3d 567, 568-69 (D.Md. 2025).  While the court recognizes that *pro se* parties may need additional leeway, "even *pro se* parties are not exempt from the basic requirement that they prosecute their action."  *Id.* at 569 (citing *Proctor v. Charlestown Cmty., Inc.*, No. 22-cv-1365-GLR, 2023 WL 8478903, at *4 (D.Md. Dec. 7, 2023)).  Rule 41(b) also notes that an involuntary dismissal could have preclusive effect.  "Unless the dismissal order states otherwise, a dismissal under this subdivision (b). . . operates as an adjudication on the merits."  Fed.R.Civ.P. 41(b).

**III. Analysis**

After months of filing motions in this case and attempting to move into discovery, Truist filed a motion to dismiss under Rule 41(b).  (ECF No. 19, at 1).  As Truist highlights, "Plaintiff has not served any response on Truist and has not otherwise communicated with Truist or this Court *at any point* in this litigation."  (*Id.* at 1).  Considering each of the factors from

4

*Attkisson*, 925 F.3d at 625, as well as the overall factual and procedural posture of the case, this court will grant the motion to dismiss for lack of prosecution.

The first factor, the plaintiff's degree of personal responsibility, weighs in favor of dismissal. Ms. Jacob is representing herself *pro se* in this case, but she has failed to respond in any way to many communications from Truist and the court. "[W]hile self-represented litigants might be entitled to some deference from courts, this deference generally relates to construing pleadings, not a litigant's failure to comply with Court Orders and meet deadlines." *Proctor*, 2023 WL 8478903 at *5. Notices sent to Ms. Jacob regarding the removal of this case and the filing of Truist's motion to dismiss were not returned as undeliverable, (ECF No. 11, at 3), and there has been no explanation for Plaintiff's utter failure to participate in this action. This factor weighs in favor of dismissal.

The second factor, the amount of prejudice to the defendant, also weighs in favor of dismissal. Truist has filed eight documents with this court since April 2024 yet has not received any communication or filings from Plaintiff. As in the *Gray* case, "while Defendant has not suffered any severe or unusual costs in this case, Defendant has had to engage in months of litigation. . . all while Plaintiff[] chose not to participate." *Gray*, 779

5

F.Supp.3d at 569.  It does not make sense to leave one party to litigate into the void.

The final two factors, the history of this action and the effectiveness of sanctions other than dismissal, both weigh in favor of dismissal.  Truist has served two motions to dismiss, an answer, and multiple discovery requests on Ms. Jacob, with no response.  Ms. Jacob has specifically been warned on three separate occasions that dismissal of her action was possible without her participation: twice in Rule 12/56 notices mailed to her by the clerk of this court following Truist's motions to dismiss, (ECF Nos. 9, 20), and in a letter order from this court, (ECF No. 18). The letter order specifically warned Ms. Jacob about this outcome: "[Y]ou are directed to advise the court of whether you wish to pursue this action within twenty-one (21) days.  You are forewarned that if you fail to respond timely, this case may be subject to sanctions, including dismissal."  (ECF No. 18, at 1).  Ms. Jacob did not reply.  It is difficult to imagine what a sanction other than dismissal would achieve when Plaintiff has neither replied to any outreach nor made a single filing in this court.

Finally, the court finds that dismissal with prejudice is appropriate here.  Ms. Jacob has been given multiple opportunities to avoid having her claim dismissed but has failed to prosecute her case or provide any explanation.  See *Gray*, 779 F.Supp.3d at

6

569 (finding dismissal with prejudice appropriate where "Plaintiffs have ignored months of warnings from the Court about this exact sanction"); *Attkisson*, 925 F.3d at 626-27 (finding dismissal with prejudice appropriate where plaintiffs "contravened multiple rules and court orders while failing to alert the district court to any problems justifying their actions"). Dismissal with prejudice is appropriate given the many warnings to Ms. Jacob about the impact of failing to communicate with the court or the opposing party.

**IV.  Conclusion**

For the foregoing reasons, Defendant Truist's motion to dismiss pursuant to 41(b) will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
